# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| MICHAEL MAGER, | * | No. 14-820V |
| As parent of VICTORIA MAGER, | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Filed: April 27, 2016 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | Attorneys' fees on interim basis |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, counsel for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

     Michael Mager, as parent of Victoria Mager, ("Petitioner") alleges that the human papillomavirus vaccine administered to Victoria on September 11, 2012, either was the cause in fact of her seizure disorder and resultant death or aggravated a prior seizure disorder leading to and causing her death. While his case remains pending, Mr. Mager filed a motion for an award of attorneys' fees and costs on an interim basis. He is awarded **$28,382.02**.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.

After filing his case, Mr. Mager submitted medical records. Respondent filed her Rule 4 report on April 1, 2015, and concluded that petitioner did not meet his burden to prove significant aggravation. Resp't's Rep. at 11. Mr. Mager has been looking for an expert to support his claim since July 2015. After being unable to locate an expert, Mr. Mager's counsel has indicated that he will be withdrawing from the case. Mr. Mager wishes to proceed with his claim. See Pet'r's Mot. filed Feb. 22, 2016.

In addition, Mr. Mager filed the pending motion for interim attorneys' fees and costs on February 22, 2016. Pursuant to General Order No. 9, Mr. Mager did not incur any out-of-pocket litigation expenses in pursuit of his claim. Respondent filed a response on February 24, 2016, and Mr. Mager filed a response on March 1, 2016.

II.

To be eligible for an award of attorneys' fees and costs on an interim basis, petitioners must establish that they filed their petition with a reasonable basis and in good faith. 42 U.S.C. § 300aa−15(e). Here, the Secretary has not argued that Mr. Mager fails to satisfy either of these elements. Thus, the undersigned finds that Mr. Mager's petition was supported by reasonable basis and was filed in good faith.

Additionally, petitioners who are seeking attorneys' fees and costs on an interim basis must additional some reason that an interim award is appropriate as a matter of discretion. Here, the Secretary argued that Mr. Mager does not meet the standards for interim awards listed in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1351-52 (Fed. Cir. 2008). Under Avera, interim fees are appropriate when not receiving fees would impose an undue hardship, there are high costs associated with obtaining experts, and the proceedings are protracted. Id.

However, Mr. Mager has established that an interim award is appropriate. He has accrued a significant amount of attorneys' fees and the case has been pending for sufficient amount of time. Mr. Mager's attorney has expressed an intent to withdraw. When the Secretary has not challenged the reasonable basis for filing the petition, what is the prejudice to paying the accumulated reasonable attorneys' fees and costs and then allowing Mr. Mager's attorney to withdraw? It

2

seems that either denying the motion for an award of attorneys' fees and costs on an interim basis or delaying any adjudication of that motion would simply prolong the duration of Mr. Mager's case to no one's benefit. Consequently, Mr. Mager is eligible for an award of attorneys' fees and costs on an interim basis.

### III.

The final issue is the amount of attorneys' fees and costs to which Mr. Mager is entitled. The statute limits the amounts to "reasonable" amounts. 42 U.S.C. § 300aa−15(e). The lodestar method is used to establish the reasonable amount of attorneys' fees.

Here, the Secretary objected to the amount Mr. Mager requested. She stated that a suitable amount is between $15,000 and $20,000. The Secretary further suggested that the undersigned make a determination as to the amount of an award within that range. See Resp't's Resp. at 2, 5.

Because the Secretary provided no explanation for how she determined the range, the Secretary's representation carries relatively little weight. The attorney's timesheets are sufficiently detailed that his activities are understandable. While there might be some quibbles on specific entries, the Secretary did not make any specific objections. Overall, the amount of time is reasonable.

The undersigned finds **$28,382.02** to be a reasonable amount for all attorneys' fees and costs incurred.

### IV.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Mr. Mager is awarded **$28,382.02** in interim attorneys' fees and costs. This shall be paid as follows:

> **A lump sum payment of $28,382.02, in the form of a check made payable jointly to petitioner and petitioner's attorney, Mark Krueger, of Krueger & Hernandez, S.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master